# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1877.

---

### JOHN S. SELLERS v. E. J. REED ET AL.

1. CONSTRUCTION OF DEED—BOUNDARY.—Two deeds executed at the same time, by the same vendor, each calling for the line of the other as a division line, and calling for land within, but on opposite sides of the same survey, will be held to convey the entire tract, whether it be greater or less in quantity than estimated. ·

2. PARTITION OF EXCESS IN QUANTITY.—Such excess must be divided between the two in proportion to the quantity owned by each, irrespective of values, in the absence of facts showing that equity would require the application of a different rule.

3. SAME.—The price paid by the parties is not the measure by which the excess should be apportioned.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The Patrick Allison quarter-league grant in Fayette county contained an excess of $74\frac{4}{10}$ acres. October 14, 1844, Robert W. Henry and Alfred Moore, then owning the Patrick Allison one-fourth-league grant, sold to Mary Wilson 700 acres off the northern part of said tract, leaving 411 acres off said quarter of a league, and bounded on the south by a line running east and west, separating the two tracts. At the same time, they sold to Samuel T. Cobb 411 acres, being the remaining amount of 411 acres on the southern half of said survey, and bounded on the north by a line running east and west, separating said tract from the 700-acres tract sold to Wilson.

Mrs. Wilson sold, and by regular conveyances, the 700-acres tract passed to John S. Sellers, and the 411-acres tract was conveyed to E. J. Reed.

March 2, 1871, Sellers brought trespass to try title against Reed and his tenant, J. E. Smith, for the excess, then supposed to be 49 acres. By amendment, partition was asked, and the excess, on return of a surveyor to an order of survey, was found to be $74\frac{4}{10}$ acres.

Defendant Reed pleaded not guilty, and also set up claim to the excess, alleging that Sellers had 15 acres in possession, for which defendant asked judgment.

Plaintiff alleged that the purchase-money from Wilson to Henry and Moore was $1,500, and from Cobb was $500, and asked partition of the excess on that basis.

On the trial, the court decided that the excess belonged to neither party, and gave judgment against plaintiff and also against Reed on his cross-bill. From this judgment, Sellers, the plaintiff, appealed.

*Moore & Ledbetter* and *Timmons & Brown*, for appellant, cited Welder *v.* Carroll, 29 Tex., 333; Johnson *v.* Gresham, 5 Dana, 543.; Smith *v.* Prewitt, 2 Marsh., 157.

No brief for appellees came to the hands of the reporters.

MOORE, ASSOCIATE JUSTICE.—There can be no doubt that Henry and Moore, by their deeds to Wilson and Cobb, conveyed all the land included in the Patrick Allison grant. These deeds bear date on the same day, and show upon their faces that the sales to Wilson and Cobb were contemporaneous transactions, and also show that the tracts of land conveyed to them bound upon each other. Unless we totally discard the description of the premises intended to be conveyed, contained in these deeds, it is plainly impossible to admit that they have a common boundary, without also conceding that they include the entire Allison survey. The fact that there is more land in the survey than the parties to these deeds supposed when they were executed, is, in this case, a matter of no importance whatever. There is certainly no such discrepancy in the

quantity of land supposed to be embraced in the survey, and that which it is actually found to include, as to raise a presumption of mistake or fraud in the deeds; and if there were, only the grantees, or some one representing them, could complain.

The mention in these deeds of the number of acres sold to the purchasers, shows the quantity of land supposed at the time, no doubt, to be in the Allison grant, and the relative proportions of it purchased by the vendees, Wilson and Cobb, and was intended as a guide in determining where the line dividing the land between them should be fixed.

The deeds to Wilson and Cobb were, as we have said, contemporaneous, and have mutual reference to each other They were intended to include all of the land embraced in the Allison grant; and whether it turns out that there is a greater or less number of acres in the grant than was supposed when the deeds were executed, no preference can be given to the one over the other, unless other facts than those exhibited by the deeds are shown which will warrant such preference. And unless this can be done, it follows, as was held in the case of Welder *v.* Carroll, 29 Tex., 317, that the seventy-four and four-tenths acres, which the Patrick Allison grant is found to contain, more than was supposed when the deeds were made, should be divided between the parties in proportion to the quantity of land called for in their deeds.

It is insisted by counsel for appellants, that the excess should be partitioned in proportion to the relative amounts of purchase-money paid by the vendees. We are cited, however, to no case where this has been taken as the guide in apportioning the excess or diminution in the quantity of land to be divided between purchasers. In the absence of evidence showing that equity requires the application of a different rule, we think the apportionment should be made, as was held in the case cited, by reference to the quantity of land called for in the deeds, rather than the amounts paid for it by the parties.

The question at issue between these parties is, the proper location of their common boundary, and is to be determined by the proper construction of the boundaries and descriptions of the land furnished by their deeds. The price paid by the purchasers for their respective tracts is a matter in which they have no mutual interest, but is altogether between them and their vendor. If the sale was by the acre, and not in gross, as between the vendor and vendee there would be a just ground to demand an increase or diminution of the amount to be paid for the land; but it is not seen how the fact that one of the tracts was worth more than the other, or that one of the vendees put a higher estimate upon it than the other, should affect, as between them, the apportionment of the excess or deficit of quantity of the entire tract. The inference is, that the parties contracted for the land conveyed by their deeds, and that the number of acres mentioned was merely the estimate of quantity (if the sale was by the acre) by which the price was fixed. It is therefore much more presumable that the purchaser has gotten the land for which he in fact contracted, when its boundaries are defined by reference to those parts of the deed designating and describing the land conveyed, than from the amount agreed to be paid for it, and especially as this is a matter in which the other purchaser is in no way interested.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.