No. 2119.

JOHN FAGAN ET AL. *v.* G. O. STONER ET AL.

1. SURVEY—DIGNITY OF CALLS.—When a marked line is called for in a grant, it is only when the line can be identified on the ground as the one made by the surveyor that it will control a call for course and distance.

2. SAME.—The law does not require the distance named in the field notes of a grant to be greatly extended to reach a line, merely because it is found on the ground with marks corresponding in age with the date of the grant. He who claims the right to so extend the distance, and give superior dignity to the marked line, must show that the line was the one marked on the ground by the surveyor preparatory to the issuance of the grant.

APPEAL from Victoria. Tried below before the Hon. H. C. Pleasants.

The briefs on file for appellants are not signed by an attorney.

*Glass & Callender*, for appellees, cited Robinson v. Doss, 53 Texas, 505, 509; Hobby's Texas Land Law, section 327; Chinoweth v. Haskell, 3 Peters, 96.

GAINES, ASSOCIATE JUSTICE.    This is in form an action of trespass to try title, brought by appellants against appellees, but its decision depends upon the determination of a question of boundary.    It is conceded that the parties have title to the lands called for in the conveyances under which they respectively claim.

The league granted to Ed. McDonough, and that granted to Juan Gonzales, are bounded on the northeast by Colleto creek and the Guadalupe river, the former stream being a tributary of the latter.    The southeast boundary of the McDonough grant, and the northwest boundary line of the Gonzales are coincident, and the question is as to the true location of that line.

If the evidence shows that the McDonough grant, as originally surveyed, is two thousand five hundred and sixty varas wide, instead of two thousand varas as called for by the field notes in the title, then appellants should have prevailed in the court below, and the judgment should be reversed.    If the evidence does not show this the judgment must stand.

The case made in the court below seems to us to present purely a question of fact, although the assignments of error all appear to be founded upon the proposition, in substance, that the court erred in holding that the call for course and distance should prevail over a marked line.    We understand the true rule to be, that when a marked line is called for in a grant, and that line can be identified, it will control a call for course and distance; not that because a marked line is found upon the ground the distance must be extended so as to reach it without proof that it was the line originally run by the surveyor as one of the boundaries of the survey.    The fundamental principal in all cases is to ascertain where the survey was actually made upon the ground; or, as it is sometimes expressed, the footsteps of the surveyor must be followed, if their locality can be traced, although the effect may be largely to increase or diminish the quantity of land, which purports to be conveyed.    There is nothing in the record to show that the court below in deciding the case did not keep in view this cardinal rule.

The description of the land in the McDonough grant names neither marked lines nor corners. It is as follows: "Comprised of two thousand Mexican yards on the Guadalupe river and Colleto creek at their junction and in the depth on the upper line twelve thousand and fifty varas, and on the lower line twelve thousand nine hundred and ten varas. It is bounded on the north by said river; on the northwest by vacant lands; on the southwest in the same manner, and on the southeast by citizen Juan Gonzales." The northwest boundary line of this survey is well established by the evidence. The distance called for in the grant measured from this boundary, gives the line a controversy as appellees claim it. But five hundred and sixty varas lower down there is found another line which is shown in part by marks indicating an old survey.

It is clear that merely because a line is found upon the ground with marks corresponding in age with the date of the grant, the law does not require the distance named in the field notes to be greatly extended in order to reach it. Therefore, in order for appellants to recover in the court below it was incumbent upon them to show by evidence that the line claimed by them as the boundary of the McDonough and Gonzales surveys, was that established by the surveyor preparatory to the issuance of the grants. This they attempted to do, and we shall briefly consider the evidence adduced by them to make out their case, in connection with the testimony offered upon the other side.

Appellants proved that McDonough lived for many years upon his grant, and frequently claimed the lower line as the southeast boundary of his survey. At one time the disputed strip appears to have been occupied by his son, who claimed under him.

On the other hand, appellees showed that a short time before the war one Hensoldt, county surveyor, was surveying a tract of land which had been subsequently located by White, the colonial surveyor, who run the line in question adjoining McDonough's land on the southeast, that McDonough insisted the lower was the true line, and went for White and took him upon the land, and after this made no further objection to the survey as made by the county surveyor, which recognized the upper line as his boundary. It was also shown that after this he made no objection when other parties sold timber off the land in controversy for railroad ties, though he was selling the trees himself from the undisputed part of his survey for the same purpose. It was also proved on part of appellees that McDonough, about

1856, divided his land among his wife, children and a grand-child, that the deeds purported to convey the entire tract and that the land in dispute was not included or estimated in the division.

It is claimed also on the part of appellants that the survey, as defined by course and distance, does not correspond with the calls in the original grant for Colleto creek and Guadalupe river. It is true that the lower line contended for gives a wider margin upon the river by at least five hundred and sixty varas; but taking the upper line as the true southeast boundary of the grant, it would still front some two hundred and twenty-five varas on the river below the junction of the creek, and would thus an-swer the call for two thousand Mexican varas on the Guadalupe river and Colleto creek at their junction."

Appellants also introduced as a witness one Lynn, who testi-fied that he heard White tell J. E. McDonough, the son of Edward McDonough, that the old man McDonough was right; that the line, as claimed by him, was the true line, and that White so described it that the witness found it by a certain live oak tree near a. slough. This tree is well iden-tified by the evidence, and marks the lower line of the sur-vey, as claimed by appellants. But this conversation seemed to have taken place before McDonough went for White and took him upon the ground. The witness who testified to that occur-ence, also stated that as White came back he stayed at his house, and he asked him about the live oak tree, and that White answered that the tree had some marks on it, but that he did not know whether they were his marks or not. It was also shown that there was an old marked line through the timber, where appellees claimed the disputed boundary to be.

It was also proved by appellants that, beginning some miles below, at the junction of the San Antonio and Gaudalupe rivers, and measuring the surveys fronting the river, the distance called for in the respective grants, the Gonzales league would not be reached without allowing a large excess in each; but it is not made clearly to appear that this has any bearing upon the case before us. It would seem a violent presumption to sup-pose that, in working out a line of surveys fronting upon a river, the surveyor deliberately disregarded his oath and gave a uniform large excess to each.

It will be seen, from what we have said, that the plaintiffs' case was rebutted upon all points by defendants. We are of

opinion, therefore, that the court below did not err in its find-ings, and the judgment is, therefore, affirmed.

*Affirmed.*

Opinion delivered January 28, 1887.

(Associate Justice Stayton did not sit in this case.)