### G. M. WARE V. D. F. MCQUINN.

#### No. 764.

1. **Unmarked Line Between Adjoining Surveys.**—Where adjoining surveys are made by same surveyor, about the same time, and the junior survey calls for the other, and the division line was never run, an excess of quantity should be divided between the surveys in proportion to their respective acreage; and the division line should be thus established.

2. **Case Followed but Criticised.**—Maddox Bros v. Fenner, 75 Texas, 286, followed, but criticised as conflicting with the rule in Welder v. Carroll, 29 Texas, 334, and Sellers v. Reed, 46 Texas, 379, as to unmarked lines of surveys.

APPEAL from Coryell. Tried below before Hon. C. K. BELL.

*H. N. Atkinson*, for appellant.—When the calls of two surveys together exceed the quantity intended to be granted, the land is nevertheless appropriated; and if the dividing line between them can not be ascertained, they must hold in proportion to the respective quantities to which they are entitled; and if there be not enough to fill both surveys, they must suffer diminution in the like proportion. Welder v. Carroll, 29 Texas, 334; Sellers v. Reed, 46 Texas, 379; Standlee v. Burkitt, 78 Texas, 620; Booker v. Hart, 77 Texas, 151–153.

FISHER, CHIEF JUSTICE.—The appellant brought this suit in the nature of trespass to try title to recover a part of the L. B. Weeden survey. The court below established and fixed the south line of the Weeden survey in the judgment rendered, and, as we understand the case, it did not include the land sued for; therefore judgment was rendered for appellee, the defendant below.

There is no statement of facts in the record, and the case comes to this court upon the following conclusions of fact found by the trial court, which we adopt as the facts found by this court:

"That the Joseph Merrill 640 acres survey of land in Coryell County was surveyed by G. B. Erath on the 16th day of May, 1841, and the L. B. Weeden by the same person on the 18th day of May, 1841, and that the field notes as returned by him were as follows:

"Field notes of the Merrill survey: Commencing at the northwest corner of Joseph Cooper's, running from thence north 19 east 1900 varas to the northwest corner of this survey, from which a blackjack bears south 18 east 3 varas, and a postoak south 45 east 3 varas. Thence south 71 east 1900 varas to the northeast corner, from which an elm bears south 30 east 17 varas; another north 87 east 20 varas. Thence south 19 west 1900 varas to the southeast corner or northeast corner of Cooper's, from which a postoak bears south 61 west 3 varas; another south 44 east 16 varas. Thence north 71 west 750 varas a spring branch, 1900 varas to the place of beginning.

"Field notes of the L. B. Weeden survey are as follows: Commencing at the northwest corner of Joseph Merrill, running from thence north 19 east 2850 varas to a mound in prairie, for the northwest corner. Thence south 71 east 500 varas, enter timber 1400 varas, enter prairie 1900 varas, to the northeast corner a mound, no bearing trees convenient. Thence south 19 west 1880 varas, enter timber 2850 varas to the southeast corner, northeast corner of Merrill, from which a blackjack bears south 78 east 3 varas a postoak, south 57 east 3 varas. Thence north 71 west 1900 varas to the place of beginning.

"That the Merrill survey was floated, and that the defendant and others filed on the land covered by the Merrill survey as pre-emptors.

"The question in the case was as to the correct location of the south line of the Weeden survey.

"I find that the southeast and southwest corners of the Merrill survey were fixed by bearing trees, and were identified on the ground in that manner.

"I find that the north line of the Weeden survey was marked on the ground by the surveyor, and that such line has been clearly established by the evidence in this case.

"I find that running from the south line of the Merrill course and distance, and from the north line of the Weeden course and distance, the north line of the Merrill as thus determined and the south line of the Weeden as also determined will lack 388 varas of connecting.

"The evidence in the case failed to identify by bearing trees, marked lines, or otherwise, either the south line of the Weeden or the north line of the Merrill surveys on the ground.

"That the surveys called for each other, and that the surveyor intended for them to close, and that he did not intend to leave any

vacant land between the surveys, but I do not find from the evidence that this dividing line was ever actually run, or the northeast or northwest corner of the Merrill or the southeast or southwest corner of the Weeden survey established on the ground."

The court below constructed the south boundary line of the Weeden survey according to the course and distance called for in its field notes from the north line of said survey, which was well established.

The appellant contends that this was error, in that as much as the Weeden and the Merrill surveys were made about the same time, by the same surveyor, and that in law their location is regarded as a contemporaneous act, and that the Weeden calling for the Merrill shows that the intention of the surveyor in locating them was to leave no vacancy between them, and that said surveys should close, and the connecting line between them being incapable of identification, the excess of the two surveys should be apportioned between them in proportion to the quantity that each is entitled to according to the number of acres as stated in their respective field notes.

It is apparent that the court below refused to extend the Weeden survey to the Merrill, although it called for it, because there was nothing found upon the ground that would identify the line of the Merrill, therefore the calls in the Weeden for course and distance were more certain and reliable than the calls for the open and undefined line of the Merrill.

But for the rule laid down in the case of Maddox Bros. & Anderson v. Fenner, 79 Texas, 279, we would follow the previous decisions of the Supreme Court, and hold that the judgment below was correct, and that the court correctly established the Weeden survey. In that case it is held, that when an unmarked line of an adjacent survey is called for, and such unmarked line can be ascertained by running course and distance from established calls and corners of the survey, and when there is an absence of evidence showing how the survey was actually made, the presumption is that the surveyor actually surveyed all the lines called for by him in the field notes, and that the call for the unmarked line will be given the dignity of an "artificial object," and will prevail over course and distance.

The appellant does not ask us to go to the extent of the rule laid down in that case, and extend the line of the Weeden to a point where the "artificial object"—the undefined line of the Merrill—would be found to exist by running course and distance from its known and ascertained corners, but to apportion the excess of the two surveys between the parties to this controversy as the interest of each in said surveys may show them respectively entitled to.

A literal construction of the decision quoted would require the south line of the Weeden survey to be extended to the north line of the Merrill, where it may be ascertained to exist by running course and

distance called for in its field notes from the established corners of that survey; but where it appears that making the two surveys was in effect one act by the same surveyor, and they call for each other, and their dividing line is open and unidentified in fact (although in legal fiction it may be found—Maddox v. Fenner, supra), we are inclined to follow the rule laid down in the cases of Welder v. Carroll, 29 Texas, 334, and Sellers v. Reed, 46 Texas, 379, and divide and apportion the excess of acres that may exist in the surveys between the owners of each in proportion to their respective interests and the number of acres called for in each survey.

We make this disposition of the case, and reverse and remand it, with instructions to the trial court to render a judgment in accord with this opinion for the parties, dividing the excess between them in the proportion they may show they are entitled to.

The writer takes occasion to say that he does not agree with the rule established in Maddox Bros. & Anderson v. Fenner, but, upon the contrary, thinks the correct rule upon this subject is laid down in the cases of Booth v. Strippleman, 26 Texas, 436; McCown v. Hill, 26 Texas, 359; Gerald v. Freeman, 68 Texas, 201; Duff v. Moore, 68 Texas, 271; Fagan v. Stoner, 67 Texas, 286, and other kindred cases.

The doctrine of these cases is, that the call for the open and undefined line of another survey should yield to the call for course and distance.

The call for the undefined and open line of the adjoining survey is, in the Maddox case, by force of a presumption, given the effect of an "artificial object." The creation and establishment of this "artificial object" is purely a legal fiction, which in fact is more frequently than otherwise only conspicuous and prominent for its absence. The logic of this decision is, that by the force of a legal fiction you will assume that the surveyor has in fact established a line, when as a fact it can not be found, and give this assumption a force and superiority over another call made by the same surveyor—course and distance—which may with certainty be established and found to exist as a fact without reliance for its existence upon any legal fiction or presumption.

Of the two calls, it seems to me that course and distance under such circumstances are the most reliable and certain.

*Reversed and remanded, with instructions.*

Delivered April 25, 1894.