BURKE v. BRAUMILLER et al.

(Court of Civil Appeals of Texas. Texarkana. April 6, 1912. On Motion for Rehearing, Oct. 10, 1912.)

1. BOUNDARIES (§ 33*) — ESTABLISHMENT — BURDEN' OF PROOF.

In an action for damages for cutting and removing timber and carrying away gravel from land, the defendants claimed title to the land in question on the ground that the location of the west boundary line of the section which was the division line between the tracts of defendants and plaintiff extended west of that claimed by the plaintiff. The field notes of the surveyor for the section established the line as contended for by the plaintiff. *Held,* that the burden was on the defendants to prove that the line they claimed to be the true west boundary of the section was made by the surveyor preparatory to and as a basis for the issuance of a patent to the section.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 146–152; Dec. Dig. § 33.*]

2. BOUNDARIES (§ 37*) — ESTABLISHMENT — EVIDENCE.

In an action for damages for cutting and removing timber and carrying away gravel, evidence *held* insufficient to show that a line claimed by the defendants as the boundary line of a section which was the dividing line between the plaintiff's and defendants' tracts was made by the surveyor preparatory to and as a basis for the issuance of a patent to the section.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. § 37.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§§ 1010, 1011*)—REVIEW—QUESTION OF FACT.

Where the record on review simply presents a conflict of the evidence, the determination of the court below should be affirmed; but, where it presents a case in which the evidence on which the court below rendered judgment is intrinsically weak and will not support the judgment, the court is warranted in reversing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 3983–3989, 4024; Dec. Dig. §§ 1010, 1011.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by C. C. Burke against Nick Braumiller and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Chas. S. Todd, of Texarkana, for appellant. Glass, Estes, King & Burford, of Texarkana, for appellees.

WILLSON, C. J. Appellant was plaintiff in the court below. In his petition he alleged that appellees, Nick Braumiller, Jake Eldridge, and Gus Munz, without his consent, had entered upon land he owned and cut and removed timber therefrom of the value of $500, and had taken and carried away gravel and sand forming a part of the land of the value of $2,500. He sought a recovery against them of the sum of $3,000 as his damages.

[1] Appellees in their answer denied the truth of the allegations in appellant's petition, and "by way of a plea in reconvention" sought to have the boundary line between land owned by them and the land appellant owned established.

The trial was by the court without a jury. The judgment was that appellant take nothing by his suit for damages, and that the boundary line be established as prayed for by appellees.

Appellant owned 89+ acres of section 10, surveyed for the state by virtue of a certificate issued to the M. E. P. & P. Railway Company. Appellees Braumiller and Eldridge owned 40 acres of section 3, adjoining said section 10 on the east, also surveyed by virtue of a certificate issued to said railway company. The following rough sketch shows the position of said tracts of land with reference to each other and other tracts of land:

SIMS MAP

Section 3 was patented August 19, 1861, on field notes as follows: "Beginning a stake the N. E. corner of section No. 4 on the state line, whence a pine brs. S. 36 W. 9 vrs. a P. O. brs. N. 47 W. 12⁵/₁₀ vrs.

Thence north 1200 vrs. W. Oldham's S. E. corner a stake whence a pine brs. S. 22 west 15 vrs. do. brs. S. 67 W. 7 vrs. Thence west 1900 vrs. W. Oldham's S. W. corner a stake whence a R. O. brs. S. 30 E. 10 vrs. and a pine brs. S. 44 W. 19 vrs. Thence north 642 vrs. the S. E. corner of A. L. King's survey a stake whence a hickory brs. S. 80 W. 26 vrs. a pine brs. S. 30 W.' 6 vrs. Thence west 572 vrs. a stake on the S. B. line of A. L. King's survey whence a pine brs. N. 33 E. 8 vrs. do. brs. south 30 E. 13 vrs. Thence south 2196 vrs. a stake on the N. B. line of W. W. Wooten's survey a stake whence a pine brs. S. 25 W. 5 vrs. do. brs. N. 37 W. 9 vrs. Thence east 791 vrs. W. W. Wooten's N. E. corner stake, whence a black jack brs. S. 37 E. 8 vrs. a pine brs. S. 21 E. 10 vrs. Thence N. 354 vrs. the N. W. cor. of section No. 4 a stake whence a pine brs. S. 36 W. 10 vrs. do. brs. S. 50 E. 13 vrs. Thence east 1681 vrs. to the beginning. Bearings marked R."

The tract of 40 acres out of said section 3 owned by appellees Braumiller and Eldridge was described by the field notes thereof as follows: "Beginning at a stake a corner of a 40-acre track in same survey, on the W. B. line of said section number three at the S. W. corner of a 40-acre track heretofore owned by A. S. Blythe, thence south with said W. B. line 389 vrs. to a stake. Thence east 570 vrs. to a stake. Thence north 389 vrs. to a stake. Thence west 570 vrs. to the place of beginning and containing 40 acres of land."

The field notes of section 10 are not a part of the record before us. The tract of 89+ acres thereof owned by appellant was patented December 2, 1886, on field notes as follows: "Beginning at a stake B. Nix S. E. corner a red oak brs. N. 15 E. 9 vrs. a P. O. brs. N. 2 degrees 45 minutes E. 8/4 vrs. both mkd. B. N. Thence E. with W. H. Ector's N. Bdy. line 327 vrs. to a stake on the W. bdy. line of sec. No. 3. Thence N. with west bdy. line of sect. No. 3 1538 vrs. to S. Bdy. line of H. J. King's sur. a stake in said A. J. King's sur. Thence west with said King's sur. at 107 vrs. King's S. W. cor. and to H. Hope's E. bdy. line 220 vrs. in all 327 vrs. to stake a pine brs. N. 3 deg. 30 min. W. 7 vrs. Blk. O. stump S. 3 deg. 30 min. E. both mkd. X. Thence S. with H. Hope's & B. Nix's E. bdy. line 1538 vrs. to place of beginning."

From the calls in their respective field notes it appears that the west boundary line of section 3 is the west boundary line of the tract owned by appellees Braumiller and Eldridge, and the east boundary line of the tract owned by appellant. Appellees' contention was that the southwest corner of said section 3 was at a point on the north boundary line of the Wooten survey 315 varas east of the northwest corner of said Wooten survey, and that a line extended north from that point to a point on the

south boundary line of the King survey was the true west boundary line of said section 3. The court found in accordance with this contention, and, if there was evidence which warranted the finding, the judgment should be affirmed; for it is not pretended, if that was the boundary line, that the timber, gravel, and sand alleged to have been taken by appellees was on appellant's land.

[2] It will be observed that, according to the field notes of section 3, each of its corners was identified by bearing trees. It does not appear from the record that an effort was made to locate its corners on the ground by bearings called for; but surveyors who testified treated as the most northern northeast corner of said section and as the southeast corner of the King survey a point they found on the west boundary line of the Oldham survey, and as the most western southeast corner of said section and northeast corner of the Wooten survey a point they found on the west boundary line of section 4. If the points so treated as the northeast and southeast corners of section 3 were the true corners, then, in the absence of testimony showing its location to be elsewhere, the west boundary line of section 3 should have been established as extending, in accordance with the calls in the field notes, south from a point on the King south boundary line 572 varas west of the King southeast corner to a point on the north boundary line of the Wooten 791 varas west of its northeast corner. Had it been so established, the judgment should not have been in favor of appellees, for the line they claimed to be the true west boundary line was 125 or more feet west of those points. The testimony they relied on to show that the line they claimed was the true one, established the existence of an old line, marked part of its length, extending from a point on the north boundary line of the Wooten 315 varas from its northwest corner to a point on the south boundary line of the King. To reach this old line, the distances called for in the field notes of section 3 from the southeast corner of the King and northeast corner of the Wooten had to be extended west. To entitle appellees to have the distances so called for so extended, it devolved on them to prove that the line they claimed to be the true west boundary line of section 3 was made by the surveyor preparatory to and as a basis for the issuance of the patent to section 3. Williams v. Winslow, 84 Tex. 376, 19 S. W. 513; Fagan v. Stoner, 67 Tex. 286, 3 S. W. 44; Phillips v. Ayres, 45 Tex. 607; Schaeffer v. Berry, 62 Tex. 714. As we construe the testimony, they failed to do more than to prove the existence of the old marked line 315 varas east of the northwest corner of the Wooten and about 125 feet west of a point 791 varas west of the northeast corner

of the Wooten, and show that it was reputed to be the west boundary line of section 3. The bearing trees called for in the field notes of section 3 as marking its southwest corner were not found, nor was there any testimony offered showing they ever existed at the point from which said old line extended north. There was testimony that this old line extended north to the south boundary line of the King would be 107 varas east of King's southwest corner as called for in the field notes of appellant's 89+ acres tract, but it appeared that the southwest corner of the King was located only by the call for course and distance in the field notes of section 3 and of appellant's tract. The length of the King south boundary line was not shown by the call in its field notes, and its southwest corner was not otherwise identified than as stated. There was testimony showing that an old stob, which may have marked the southeast corner of appellant's tract, was found on or near the old line 327 varas east from the southeast corner of the Nix survey, as called for in the field notes of appellant's said tract, but there was also testimony on appellees' behalf showing said old line to be about 132 feet west of a point 327 varas east of said Nix southeast corner. There was also testimony which seems to have established the existence of another marked line east of the one appellees claimed as the true line, and that this other line conformed more nearly than the one appellees claimed to be the true one to the calls for distances in the field notes of section 3. As it appears in the record, we think the testimony is not sufficient to warrant a conclusion that the line established by the judgment was the west boundary line of section 3 as established on the ground by the surveyor who made the survey on which said section was patented. Therefore the judgment will be reversed, and the cause will be remanded for a new trial.

On Motion for Rehearing.

[3] We have carefully re-examined the testimony relied on to support the judgment rendered in the court below, and adhere to the conclusion reached when the record was first before us. The statement of the Supreme Court in Williams v. Winslow, 84 Tex. 377, 19 S. W. 516, presents the view we take of the case. "If," said the Supreme Court, "the record presented simply a conflict in the evidence, this case should be affirmed. But in our opinion it presents more. It presents a case in which the evidence on which the court below rendered judgment for the defendant is intrinsically weak and will not support the judgment." The motion of appellees for a rehearing is overruled.