Opinion delivered May 10, 1887.

No. 5917.

## A. H. & H. R. DUFF v. H. P. MOORE.

SURVEY.—A survey upon which the patent issued called for the **north** boundary line of a patented survey, made three weeks before by a surveyor who surveyed both, as its south boundary. This line could not be identified by natural or artificial objects either at its terminations or along its course. The locality of the northern boundary of the junior survey and of the south boundary of the older survey, which lay south of the former, were identified by established corners. Running each survey from its established corners, according to course and distance, a common boundary was not reached, but a space two hundred and eighty varas wide intervened. In a suit by the owner of the land covered by the junior survey against the owner of the older survey, who was in possession of the disputed strip, *held:*

(1) The rule that a call for the marked line of an older survey will prevail over a call for course and distance has no application to an unmarked line whose terminal points can not be identified by natural or artificial objects.

(2) If the manifest mistake made in the calls was a mistake in distance, there is no rule of law which, in the absence of evidence, would raise a presumption against or in favor of either survey.

(3) The burden of proof was on the plaintiff to show that the patent under which he claimed embraced the land claimed and occupied by defendant; failing in this, the defendant was entitled to judgment.

APPEAL from Hill. Tried below before the Hon. J. M. Hall.

The opinion states the case, which, it is believed, can be understood without the aid of the plot of the surveys.

*A. P. McKinnon,* for appellant, cited Oliver v. Mahoney, 61 Texas, 610; Bolton v. Lann, 16 Texas, 110; Hubert v. Bartlett, 9 Texas, 104; Urquhart v. Burleson, 6 Texas, 511; Johns v. Schutz, 47 Texas, 578.

*S. C. Upshaw,* for appellant, cited McCown v. Hill, 26 Texas, 359; Booth v. Upshur, 26 Texas, 64; Stafford v. King, 30 Texas, 257; Booth v. Strippleman, 26 Texas, 436.

GAINES, ASSOCIATE JUSTICE.  Appellants, as the owners of a tract of land patented to J. D. Whitcomb, as assignee of Consolidated El Paso Irrigation Manufacturing Company, brought suit against appellee to recover the land in controversy, claiming it as a part of the abandoned survey.  Appellee was in possession of the disputed strip, setting up claim under the title to the J. A. Yeoman survey, of which he was admitted to be the owner.  The issue presented is a question of boundary. The Yeoman is the older survey.  The field notes of the Whitcomb call for the south boundary line as coincident with the north boundary of the Yeoman.  This latter is not a marked line.  There are neither natural or artificial objects at its corners nor along its course to fix its locality.  It seems, however, that there is no difficulty about establishing the northern corners of the Whitcomb, or the southern corners of the Yeoman surveys. Running the lines of both surveys from the known corners and lines, according to course and distance, a space is left between the south boundary of the one and the north line of the other of some two hundred and eighty varas wide; and it is this strip which is the subject matter of this controversy.

The appellants contend that, although the north line of the Yeoman is not a marked line, yet it can be readily established by running the calls from the surrounding surveys, and that, therefore, the call for this line in the field notes of the Whitcomb survey should control the call for the distance.  Their witness testified, in substance, that the north line of the Yeoman could be readily established, but upon cross examination, stated that there was nothing upon the ground to indicate the line claimed by appellants as the true boundary.  In case of conflicting calls indicating two distinct lines of a survey, that

actually run by the surveyor will always control, provided it can be proved. Upon the same principle the call for a marked line of an older survey will prevail over a call for distance.

It is to be presumed that the surveyor identified the line called for, by the marks upon the ground; and hence, that the mistake occurred in the measurement, or the calculation of the distance. But if there be no objects, natural or artificial, to show the line, the presumption does not obtain, and the rule no longer applies.

Both surveys were made by the same officer, there being an interval of about three weeks between them. It is apparent that there is a mistake in the junior survey in calling for the line of the older, or there is a mistake in the length of the lines, either of the one or of the other. If the error be in the distance, it seems to us it can be imputed with as much reason to the lines of the Yeoman as to those of the Whitcomb survey.

It is true, that the Yeoman calls for the old Hamilton survey, which was abandoned and which is now covered in the main by appellant's patent. But a comparison of the field notes of the Hamilton and the Yeoman shows that they do not correspond with each other, the northwest corner of the Yeoman calling for an "ell corner" of the Hamilton, when the L corner of the Hamilton can not be approximately reached without entirely disregarding both the course and distance called for. This would indicate that the surveyor allowed for an offset in the south line of the Hamilton not indicated by the field notes adduced in evidence and that he was mistaken as to the true position of the Hamilton line. On the other hand the field notes of the appellant's patent call for its southwest corner, as the southeast corner of the A. Jacob's survey. According to the map introduced in evidence, running its calls from the Jacob's corner, it does not include the land in controversy.

The burden was upon appellants to show that the patent under which they claimed embraced the land sued for. We think they failed to do this, and that therefore the court did not err in giving judgment against them.

Neither did the court err in overruling the motion for a new trial. If the evidence, for which the new trial was asked could be considered newly discovered, it is not seen that its materiality was such as to effect the result upon another hearing.

There is no error in the judgment and it is affirmed.

Opinion delivered May 13, 1887. *Affirmed.*