BRAUMILLER et al. v. BURKE. (No. 1385.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 28, 1915. Rehearing Denied Feb. 11, 1915.)

BOUNDARIES ⊜3 — CALLS FOR COURSE AND DISTANCE—CALLS FOR LINES.

A patentee's field notes called for the western boundary of a section as his eastern boundary. The western boundary of the section, not evidenced by any location on the ground, was ascertained by measurements. A marked line did not conform to the line fixed by measurements, and there was nothing to show who marked the line, or when it was done, except that it appeared to be an old survey. *Held,* that the call in the field notes for the boundary line must prevail over any call for course and distance, though courses and distances prevail, except when in conflict with a survey as actually made.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. ⊜3.]

Appeal from District Court, Bowie County; W. T. Armstead, Judge.

Action by C. C. Burke against Nick Braumiller and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Glass, Estes, King & Burford, of Texarkana, for appellants. Chas. S. Todd and R. W. Rodgers, both of Texarkana, for appellee.

HODGES, J. The appellee, as the plaintiff below, instituted this suit against the ap-

pellants, alleging that he is the owner and in possession of the following described tract of land situated in Bowie County:

"Beginning at a stake B. Nix S. E. corner; * * * thence east with W. H. Ector's north boundary line 327 vrs. to a stake on the west boundary line Sec. No. 3; thence north with west boundary line of section No. 3, 1538 vrs., to south boundary line of A. J. King's survey, a stake on said A. J. King's survey; thence west with said King's survey at 107 vrs. King's west cor., and to A. Hope's east boundary line 220 vrs., in all 327 vrs., to a stake; * * * thence south with A. Hope's and B. Nix's east boundary lines, 1,538 vrs., to place of beginning."

It is alleged that the appellants, acting jointly and severally, wrongfully entered upon and took possession of a part of said land, consisting of a strip of about 10 acres off the east side, about 1,200 feet long north and south, and 300 feet wide east and west, of the reasonable value of $200, and that without the consent of the plaintiff the appellants committed certain trespasses in the way of cutting and carrying off timber, earth, and gravel, to plaintiff's damage in the sum of $2,000. He prayed for a judgment for possession of the strip of land referred to, and for damages.

The appellants answered by general and special demurrers, and to the merits as follows:

"Now come the defendants in the above styled and numbered cause, and deny that they, acting together or severally, unlawfully, wrongfully, and with force of arms entered upon land belonging to the plaintiff, or that they took possession of any land belonging to the plaintiff, as alleged by the plaintiff, or that they have committed any unlawful entry or trespass, or have unlawfully, forcibly, or wrongfully cut, carried away, or converted to their own use valuable trees or timber growing on any land belonging to the plaintiff, or have made and dug large and deep excavations upon any land belonging to the plaintiff, or have taken, carried away, sold, or converted to their own use any quantity of gravel or sand from any land belonging to the plaintiff, of any value whatever; and they further deny that they have inclosed and cultivated any land belonging to the plaintiff, or have raised, gathered, and appropriated any crops of corn belonging to the plaintiff.

"The defendants further deny that they, or either of them, have been guilty of any of the wrongs and trespasses complained of by the plaintiff, or that they are in any way liable to the plaintiff in any sum whatever as damages by reason of the allegations of the plaintiff in the petition."

This is the second appeal in this case. The former will be found as Burke v. Braumiller et al., 150 S. W. 206, and we refer to that opinion for a fuller statement of the facts. In that appeal the cause was reversed and remanded for another trial, and it appears that the pleadings were thereafter amended. As the pleadings now stand, this action should be regarded as a suit by the appellee for possession and for damages for certain trespasses, consisting of the unlawful removal of timber, gravel, and earth. In their answer the appellants do not deny that the appellee owns all of the land embraced in the field notes contained in his amended original petition. They merely say that they did not commit the wrongs and trespasses alleged upon any land belonging to the appellee. It is not denied in the testimony that the appellants did enter upon and commit the acts referred to upon land in that immediate vicinity, and did remove gravel and timber therefrom; but they put the appellee upon proof of the fact that these depredations were committed on the land described in his petition.

The controversy, though not by the pleadings made a boundary suit, really assumed the form of a dispute over the location of the east boundary line of the appellee's land; the evidence showing that the appellants, or some of them, claimed the land adjoining this on the east. If the east boundary line is where the appellee claims it is, the appellants committed their depredations on his land and are liable for damages; but if this line is where the appellants claim it should be, they were not guilty of trespassing upon the appellee's premises. It will be observed that the appellee's field notes call for the west boundary line of section 3 as his east boundary line. There seems to be no dispute about the correct location of the corner at which this description begins; but in running the distance of the first call, 327 varas, it lacks 40 or 50 varas of reaching what appellee contends is the west boundary line of section 3, and it is his effort to extend this call to that point that is resisted.

The appellants contend that appellee should be held to the distance called for in his field notes. Under the well-established rule in such controversies, the call for the west boundary line of this survey should prevail over the call for course and distance. Maddox v. Fenner, 79 Tex. 279, 15 S. W. 237; Davis v. Baylor (Sup.) 19 S. W. 523; Hermann v. Thomas, 168 S. W. 1037, and cases there cited. The evidence does not disclose any established line or corners which can be considered as marking with certainty the location of the west boundary line of section 3. The original field notes of section 3 are as follows:

"In Bowie county on the waters of Day's creek, a tributary of Sulphur river, about 21 miles N. 81° E. of Boston, known as survey No. 3, by virtue of land scrip No. 348, issued by the commissioner of claims December 4, 1860, in accordance with an act to incorporate said company, approved February 4, 1856, and transferred by the president of said company to said Wright, February —, 1861. Beginning at a stake the N. E. corner of section No. 4 on the state line, whence a pine brs. S. 36° W. 9 vrs., a P. O. brs. N. 47° W. 12.5 vrs.; thence north 1,200 vrs. W. Oldham's S. E. corner a stake, whence a pine brs. S. 22° west 15 vrs., do. brs. S. 67° W. 7 vrs.; thence west 1,900 vrs. W Oldham's S. W corner a stake, whence a R. O. brs. S. 30° E. 10 vrs., and a pine brs. S. 44° W. 19 vrs.; thence north 642 vrs. the S. E. corner of A. J. King's survey a stake, whence a hickory brs. S. 80° W. 26 vrs., a pine brs. S. 30° W. 6 vrs.; thence west 572 vrs. a stake on the S. B. line of A. J. King's survey, whence a pine brs. N. 33° E. 3 vrs., do. brs. south 50° E. 13 vrs.; thence south 2,196

vrs. a stake on the N. B. line of W. W. Wooten's survey a stake, whence a pine brs. S. 25° W. 5 vrs., do. brs. N. 37° W. 9 vrs.; thence east 791 vrs. W. W. Wooten's N. E. corner stake, whence a black jack brs. S. 37° E. 8 vrs., a pine brs. S. 21° E. 10 vrs.; thence N. 354 vrs. the N. W. cor of section No. 4 a stake, whence a pine brs. S. 36° W. 10 vrs., do. brs. S. 50° E. 13 vrs.; thence east 1,681 vrs. to the beginning bearings marked $\frac{R}{X}$."

None of the bearing trees here called for could be located. But the west boundary line of section 3, according to course and distance, is 2,472 varas west of the state line. In the absence of some established memorials which can be relied on as marking the location of that line on the ground, the original survey can be ascertained only by measuring from the state line, a recognized boundary about which there appears to be no dispute. This measurement was made by a surveyor who testified on the trial, and according to his evidence the land upon which were committed the depredations complained of lies west of that line and within the limits described as the appellee's land. The correctness of these measurements is not disputed by any other testimony. There was testimony, however, tending to show the existence of an old marked line farther west than where the measurements made by this surveyor located the west boundary line of section 3. It is here that the appellants claim the true location of that line to be. If their contention be correct, the depredations were not committed upon the appellee's land. There is no evidence as to who marked that line, or when it was done, except that it appeared to be an old survey.

Appellants contend that, inasmuch as the west boundary line of section 3 can only be located by measurements from its east boundary line, the call in the appellee's patent for that west boundary line should be subordinated to its call for distance, and for that reason the appellee's south boundary line should not be extended beyond a point 327 varas east from his southwest corner. That proposition is not sustained by the authorities which we have cited. In the first case referred to, the court said:

"When unmarked lines of adjacent surveys are called for, and when, from the other calls of such adjacent surveys, the position of such unmarked lines can be ascertained with accuracy, and when, in the absence of all evidence as to how the survey was actually made, there arises a controversy as to whether course and distance or the unmarked line of another survey shall prevail, we see no good reason why the survey line shall not be given the dignity of an 'artificial object,' and prevail over course and distance."

Applying that rule to the facts in this case, the call in the appellee's field notes for the unmarked line of section No. 3 should prevail over the call in his patent for course and distance. The evidence relied upon to indicate that the original line had been located upon the ground at a different point is too unreliable to displace a line which can be located with accuracy by course and distance. Course and distance will prevail in every instance, except where shown to be in conflict with the survey as actually made. The court committed no error in giving the charge he did, in directing that the appellee was entitled to the possession and such damages as he sustained to the land sued for.

It is not necessary to discuss the assignments of error in detail. A settlement of the disputed line determines the entire controversy. Appellants do not claim in their pleadings any title to the land involved in this suit. The issues there made are merely whether or not the appellants committed these acts of depredation upon that land. If the appellee owned all of this tract of land, he was entitled to the possession of all. The fact that he did not describe with certainty the particular portions upon which the depredations were committed is of no consequence, in view of the further fact that he established a right to the exclusive possession of all the land. The facts of this case are practically the same as those on the former appeal.

The judgment will therefore be affirmed.