BRAUMILLER et al. v. BURKE.    (No. 1385.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 25, 1915.)

Evidence ⊜⊃387(4)—Of marked line conflicting with boundary description is inadmissible.

In an action where the location of a boundary line was in controversy, evidence of the existence of a marked line, which did not conform to the description of natural and artificial monuments in the patent, and conflicted with the courses and distances in the field notes, is inadmissible as parol evidence contradicting the field notes.

Appeal from District Court, Bowie County.

On motion for rehearing. Motion overruled.

For former opinion, see 173 S. W. 609. See, also, 230 S. W. 400; 232 S. W. 907.

Glass, Estes, King & Burford, of Texarkana, for appellants.

C. S. Todd, of Texarkana, for appellee.

HODGES, J. We have again gone carefully over the facts of this case, and are unable to discover any reason for changing the judgment of affirmance. In this appeal there is practically but one question involved —that is, were the depredations complained of by the appellee committed on his land? If they were, the damages awarded should be sustained. If they were not, the judgment of the trial court should be reversed.

As stated in the original opinion, the main question can be answered by determining the true location on the ground of the west boundary line of section 3. A re-examination of the facts has tended to strengthen rather than weaken our former conclusion upon that issue. In addition to the evidence furnished by the witness Moore as to the measurements made by him from state line, the recognized east boundary line of section 3, the appellants' witness Sims testified to measurements which he made from other recognized corners, that locate the west boundary line of section 3, so as to place the land upon which the trespasses were committed within the limits of that claimed by the appellee.

It may be said that the evidence in this case conclusively establishes the following facts: First, that the west boundary line of section 3 can be located upon the ground with certainty by course and distance alone, as shown in the field notes; second, that the bearing trees and other monuments called for in the field notes at the termini of the west boundary line of the survey cannot be found, and the northwest and southwest corners cannot now be located from the field notes, except by course and distance; third, that when those corners are located by course and distance, according to the description contained in the patent, the west boundary line of section 3 is east of the land upon which the appellee claims the trespasses were committed, and he is therefore entitled to recover his damages. In thus locating the west boundary line of section 3, no ambiguity is disclosed in the field notes of the patent when applied to the ground.

Counsel for the appellants earnestly insist that, inasmuch as there was evidence of an old marked line indicating an old survey, about 60 varas west of the point where course and distance would locate this disputed line, and as there was testimony tending to show that this old marked line was the reputed west boundary line of section 3, an issue of fact as to the true location of that line was raised by the evidence, which should have been submitted to the jury. That contention might be entitled to some consideration, but for the rule that boundary lines

---

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

must be located by the description contained in the grant, and parol testimony cannot be received for the purpose of varying or contradicting that description. Brodbent v. Carper, 100 S. W. 183; Anderson v. Stamps, 19 Tex. 465; Williams v. Winslow, 84 Tex. 371, 19 S. W. 513; Thompson v. Langdon, 87 Tex. 254, 28 S. W. 931; Jamison v. N. Y. & T. L. Co., 77 S. W. 969; Watts v. Howard, 77 Tex. 71, 13 S. W. 966; Robertson v. Mosson, 26 Tex. 248. To locate the west boundary line of section 3 at the point where the appellee claims it should be conforms exactly with the field notes contained in the patent. To locate it at the point where the appellants claim it should be would extend the north and south boundary lines of the survey from 60 to 109 varas beyond the distance called for in the patent, and thus contradict the written description.

If the legal effect of the evidence relied on by the appellants was to identify a location called for by the natural or artificial objects referred to by the surveyor in his field notes, the fact that it conflicted with the calls for course and distance would be immaterial. But under the facts of this case it can be used for only one purpose—that is, as proof that this old line is the one actually traced by the surveyor. This, in legal effect, contradicts the only description in the patent by which that boundary can now be located. Under the rule laid down in the authorities referred to, such evidence cannot be considered. In a suit of this character a boundary cannot be established by showing that the actual survey was made at a point different from•that called for in the patent. In searching for the footsteps of the surveyor, the parties must be guided by his written description of the lines he traced. This rule is not ignored in subordinating calls for course and distance to those for natural and artificial objects, in cases where a conflict is shown. In such instances the written description still controls; a portion of it being disregarded merely to reconcile a conflict in the writing.

Under the evidence adduced in this case, there was no issue for the jury as to the location of this disputed line. Only one verdict could have been rendered.

The motion for rehearing is overruled.