ANTONE v. HOFFMAN. (No. 2234.)

(Court of Civil Appeals of Texas. Texarkana. March 4, 1920.)

BOUNDARIES ⬖41—INSTRUCTION HELD ERRONEOUS AS PERMITTING CONSIDERATION OF OTHER SURVEYS.

In suit to try title to land purchased by plaintiff as vacant land under Act April 15, 1905 (Laws 1905, c. 103), as amended by Act May 16, 1907 (Laws 1907 [1st Ex. Sess.] c. 20), lying, as he claimed, between two surveys, one on the north and one on the south, instructions in connection with the issue as to whether the land was vacant *held* erroneous as calculated to mislead the jury, in that they were authorized to determine the location of the survey on the north on the ground with reference to surveys thereof made by others surveyors than the one who made the field notes on which it was patented.

Error from District Court, Red River County; Ben H. Denton, Judge.

Suit by F. A. Antone against G. D. Hoffman. To review judgment for defendant, plaintiff brings error. Reversed, and cause remanded for new trial.

The suit was by plaintiff in error against defendant in error to try the title to a tract of land in Red River county 237 varas wide by 2,530 varas long, containing 106.18 acres, which plaintiff in error purchased of the state as vacant land under the provisions of Act April 15, 1905, c. 103, as amended by the act approved May 16, 1907 (General Laws, p. 490), lying, he claimed, between the A. J. Singleton survey on the north and the Walker Petitt survey on the south. Whether the land was vacant, as claimed by plaintiff in error, or not, depended on whether said Singleton survey was located on the ground as he claimed it was or not. There was no dispute in the testimony heard at the trial as to the points on the ground where the northwest and northeast corners of said Singleton survey were situated. The call in its field notes as patented was for its west line to run from its northwest corner south "at 790 varas Little Pine creek, 6 varas wide, course northeast; at 837 varas, to a stake in prairie, an elm bears S. 47° W. 14 varas, 3 elms, marked X, bear S. 67° W. 16 varas;" and the call in said field notes was for the east boundary line of the survey to run from its southeast corner, described as a point indicated by "a stake from which a red oak bears S. 58° E. 5½ varas, post oak N. 63° W. 8 varas, both marked 'R. H.,' north crossing Little Pine creek at 820 varas, in all 837 varas to the beginning," which was the northeast corner of the survey. Plaintiff in error claimed and adduced testimony which would have warranted a finding (1) that the southwest corner of said Singleton survey as established on the ground by the surveyor who made said field notes was at a point 837 varas south of the northwest corner of the survey as called for in said field notes, and (2) that the southeast corner thereof, as so established by said surveyor, was at a point 837 varas south of the northeast corner of said survey, as called for in said field notes; while defendant in error claimed and adduced testimony which warranted a finding (1) that said southwest corner, as so established, was at a point 1,074 varas south of the northwest corner of the survey, and (2) that said southeast corner, as so established, was at a point 1,074 varas south of the northeast corner of the survey. If said southwest and southeast corners of the Singleton survey, as so established, were at the points on the ground plaintiff in error claimed they were, the land was vacant as he claimed it was when he purchased it of the state. If, on the other hand, those corners, as so established, were at the points on the ground defendant in error claimed they were, the south boundary line of the Singleton survey was the north boundary line of said Walker Petitt survey, and the land plaintiff in error sued for, instead of being vacant when he purchased it, was a part of said Singleton survey. The issue made by the testimony referred to was submitted to the jury as follows:

"Was the land in controversy on October 7, 1918, the date of the award to the plaintiff, va-

cant land, that is, land that had not theretofore been patented or awarded to any one, or was the said land in the A. J. Singleton survey as laid out and located on the ground by the surveyor? In determining this question you are instructed that the following rules are given you for your guidance: Calls for surveys are important in the following order: (1) Calls for natural objects; (2) calls for artificial objects; (3) calls for courses and distances. But neither absolutely control another class where such other calls more truly indicate from the evidence the true locality of the line in controversy."

In response to this issue the jury found that the land plaintiff in error sued for was a part of said Singleton survey, and on another issue submitted to them found that defendant in error had had adverse possession within the meaning of the statute of limitations of the part thereof he claimed for a period of five years before the time plaintiff in error commenced his suit. On said findings the court rendered judgment that plaintiff in error take nothing by his suit against defendant in error.

Edgar Wright, of Paris, for plaintiff in error.

Lennox & Lennox, of Clarksville, for defendant in error.

WILLSON, C. J. (after stating the facts as above). Careful consideration of the record has convinced us that plaintiff in error's insistence that the instructions to the jury in connection with the issue set out in the statement above were erroneous because calculated to mislead them in that thereby they were authorized to determine the location of the Singleton survey on the ground with reference to surveys thereof made by other surveyors than the one who made the field notes on which it was patented should be sustained. The contention is predicated on the failure of the trial court, when he told the jury to determine if the land in controversy was a part of the Singleton survey as laid out and located on the ground by "the surveyor," to explain that the surveyor he meant was the one who made the field notes on which the survey was patented. The case presented by the record is a peculiar one, in that there was testimony which indicated that trees answering to the description of those called for in the field notes of the Singleton survey at the southwest corner thereof were found at a point which the jury might have concluded was a prairie in 1856, when the survey was made, 837 varas south of its northwest corner, and also at a point in a prairie 1,074 varas south of said northwest corner; and trees answering to the description of those called for in said field notes to be at the southeast corner of the survey were found at a point 837 varas, and also at a point 1,074 varas, south of the northeast corner of the survey. If trees marked and otherwise answering to the description of those called for in said field notes were in fact on the ground in a prairie when the survey was made 837 and 1,074 varas, respectively, south of the northwest corner of the survey, and if trees answering to the description of those called for in said field notes were in fact on the ground at points 837 and 1074 varas south of the northeast corner of the survey, then evidently other surveys than the one made by the surveyor on which the patent was issued were made of the Singleton survey, and other corners than the ones established by that surveyor were established for its southwest and southeast corners. It was important, therefore, that the jury might not be misled, that they should have been plainly told that they must determine the location of the Singleton survey with reference alone to the points on the ground where the surveyor who made the field notes on which it was patented established its southwest and southeast corners, and without reference to corners which were established on the ground by other surveyors.

In conformity to the conclusion reached with reference to the contention discussed, the first and fifth assignments are sustained. The second, in which complaint is made of the action of the court in submitting to the jury an issue as to adverse possession by defendant in error of the land in controversy, also will be sustained, because such an issue was not made by the testimony. The other assignments are overruled.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.