**BRAUMILLER et al. v. BURKE.** (No. 1385.)

(Court of Civil Appeals of Texas. Texarkana. May 2, 1921.)

1. **Appeal and error** ⟨key⟩43—**Suit to recover land and damages for removal of gravel is not a "boundary case," in which appellate court's judgment is final.**

An action to recover possession of land, claimed by plaintiff and which was in the possession of the defendants, and to recover substantial damages for the removal of timber and gravel therefrom by defendants, is not a boundary case, in which the judgment of the Court of Civil Appeals is final, under Rev. St. art. 1591, though plaintiff's right to recover depended upon the determination of the true location of the boundary line between his land and that claimed by two of the three defendants.

[Ed. Note.—For other definitions, see Words and Phrases, Boundary Case.]

2. **Courts** ⟨key⟩247(7)—**If appellate court's judgment is not final, questions will not be certified to the Supreme Court.**

In a case in which the judgment is not of a Court of Civil Appeals and is not final, the questions therein need not be certified to the Supreme Court, regardless of any conflict between the decision in that case and the decisions of other Courts of Civil Appeals.

3. **Appeal and error** ⟨key⟩43—**Finality of judgment of appellate court should depend on "case" made by pleadings, not on evidence presented.**

The determination of whether the "case," which means suits, causes, or actions, is one in which the judgment of the Court of Civil Appeals is final, should depend on the case made by the pleadings of the parties on which they went to trial, not on the questions controverted at the trial; otherwise, in the same case on the same pleadings, the finality of the judgment rendered on appeal after different trials would depend on the evidence introduced at the particular trial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Case.]

4. **Courts** ⟨key⟩247(7)—**Decision that marked line cannot overcome description in field notes held not contrary to decisions of other appellate courts.**

A decision that evidence of a marked line, which did not agree with the courses and distances in the field notes or with described monuments, is incompetent to contradict the boundary established by the courses and distances, does not conflict with decisions of other Courts of Civil Appeals that a marked line, which was presumably made by the original surveyor, was evidence of the location of the boundary, though it was not on the line marked on the plat.

Appeal from District Court, Bowie County.

Action by C. C. Burke against Nick Braumiller and another. Judgment for plaintiff, and defendants appeal. On motion to certify questions to the Supreme Court. Motion overruled.

See, also, 173 S. W. 609; 230 S. W. 400; 232 S. W. 906.

Glass, Estes, King & Burford, of Texarkana, for appellants.

C. S. Todd, of Texarkana, for appellee.

HODGES, J. A statement of most of the material facts of this case, together with the substance of the pleadings, will be found in

Braumiller et al. v. Burke, 173 S. W. 609. That publication, however, does not contain the opinion of this court on the motion for a rehearing, in which the facts are more fully stated. The motion to certify to the Supreme Court the questions involved was overruled in February, 1915. An application to file a petition for a writ of mandamus to compel a certification of the questions involved in the appeal was granted several years ago. In view of that proceeding, which is still pending, we think it proper to state the reasons why this court refused to certify.

First, we did not then regard this as a boundary case, in which the judgment of a Court of Civil Appeals was made final, but one which the Supreme Court might review upon a writ of error; second, we did not think, when the facts involved were considered, that there was any conflict between the legal conclusions which controlled the judgment in this case and those announced in the cases relied on by the applicant for the writ of mandamus.

[1] The plaintiff's amended original petition was in the usual form of an action to recover possession of a tract of land. He claimed title to 10 acres, on which was located a gravel pit. In addition to the formal averments usual in such cases, he alleged that the defendants had cut and removed from the land timber of the value of $500 and 5,000 yards of gravel, of the value of $1,500. He asked for judgment for the title and possession of the land and for the value of the timber and the gravel removed. The defendants, Braumiller, Eldridge, and Munz, in their answer put in issue, not only the title to the land, but the conversion of the timber and the gravel. The proof showed that the plaintiff and the defendants Braumiller and Eldridge owned adjoining tracts of land, and that the issue of title was determined by the location of the west line of section 3; the admitted boundary separating the two tracts. After offering evidence tending to establish that line according to his claim, the plaintiff also proved that the three defendants had removed gravel from an area 44 by 40 yards and 3½ feet deep; that this gravel was worth in the market at that time 25 cents per cubic yard. In resisting the plaintiff's claim to title, the defendants proved ownership in Braumiller and Eldridge to an adjoining tract of land; that issue being narrowed to the location of the west boundary line of section 3. The defendant Munz claimed no title; the evidence showing that he removed the gravel by permission of Braumiller and Eldridge. The defendants also offered evidence tending to prove that the gravel was worth not more than 15 cents per cubic yard.

At the conclusion of the evidence, the trial court, being of the opinion that the proof conclusively established the plaintiff's claim of title and that the defendants had wrongfully removed the gravel, directed a verdict in favor of the plaintiff upon those issues, and submitted only the question of the value of the gravel removed. The jury returned a verdict in the plaintiff's favor for the land, and fixed the value of the gravel at $267.83. A judgment was accordingly entered for that sum against all of the defendants, jointly and severally, including Munz, who made no actual claim to the land. From that judgment all of the defendants appealed to this court, and are parties to the mandamus proceedings.

Practically the only question complained of on the appeal was the ruling of the trial court in directing a verdict in favor of the plaintiff for the title and possession of the land, which carried with it some damages for the gravel removed. The contention was that under the evidence that issue should have been submitted to the jury. While no objection was made on appeal to the valuation placed by the jury upon the gravel, it was claimed that no damages whatever should have been allowed. This court affirmed the judgment upon the ground that the evidence showed as a matter of law that the plaintiff owned the land in dispute. An able and elaborate motion for a rehearing was presented, which, after careful consideration, was overruled. The motion to certify followed, and it was later overruled without any written opinion, but for the reasons before stated.

[2] If we were correct in concluding that this is a case in which the judgment of this court is not final under the provision of article 1591 of the Revised Civil Statutes, then the motion to certify was properly overruled, regardless of any conflict our decision may have caused, or any errors we may have committed in affirming the judgment of the trial court. Whatever doubt we may have entertained at that time regarding the jurisdiction of the Supreme Court to review this case on a writ of error was subsequently removed by the lucid opinions rendered by Justice Sonfield of the Commission of Appeals and Chief Justice Phillips in West Lumber Co. v. Goodrich (Com. App.) 223 S. W. 186. The facts of that case and the issues presented on appeal are strikingly similar to those involved in this case. The two cases are so nearly alike that to hold that one is not a boundary suit and that the other is would so mystify the question of jurisdiction provided for in article 1591 as to leave subordinate courts without any practical guide in the construction of that statute. If we change the quantity and location of the land involved in West Lumber Co. v. Goodrich and substitute gravel for timber, that case is in all of its essential features identical with this. If there is

any legal difference, that case presents a state of facts which supports more strongly the argument in favor of the finality of the judgment of the Court of Civil Appeals; for in the trial below the parties expressly agreed that it was a boundary suit, involving the true location of a disputed line. But the Supreme Court held that the parties could not by agreement make that a boundary case which was not such in law. Emphasis was placed upon the fact that the suit was not merely one for the recovery of land with a formal claim for damages, but included an action to recover actual damages for the value of timber converted, this embracing the subject-matter of two distinct causes of action. This case, likewise, is not only one to recover a tract of land, but for the value of timber and gravel converted and removed from the land. It also embraces the subject-matter of what may be two distinct suits. We are unable to discover any legal difference.

[3] Moreover, in this case there was not only no agreement that the question of boundary should be decisive of all the issues to be tried, but the value of the gravel sued for was controverted in the trial court, and a judgment was rendered for damages against a party who made no pretense of claiming title to or interest in the land. In undertaking to reconcile the holding in that case with a recent ruling in this case, Associate Justice Pearson says:

"The case as developed before the trial court determines its character, and not the allegations of the parties in their pleadings."

With the utmost respect for our court of last resort, we take the liberty of suggesting the confusion which may result from that ruling, if it is permitted to remain without further explanation. It appears to us that the logical inference from the language used, when considered in connection with the facts of this case, is to make the finality of the judgments of the Courts of Civil Appeals in this class of cases depend, not on the "case" which the parties have made by their pleadings, and the issues which they might have contested in the trial, but upon the issues of fact which they did contest in the introduction of the evidence. As we construe the opinions, the very reverse of that ruling is announced in West Lumber Co. v. Goodrich. In the latter case the parties had by agreement eliminated from trial every issue except that of boundary, but the Supreme Court held, in effect, that as long as the pleadings involved another issue the "case" was unchanged. As stated by Justice Sonfield in his opinion, the word "cases," as used in article 1591, means "suits," "causes," or "actions." If the ruling recently made in this case, which is quoted above, is to furnish the test of appellate jurisdiction, then, without

any change in the pleadings, or the issues of fact which the parties may litigate, a case may upon one trial fall within the jurisdiction of the Supreme Court, and upon another within the exclusive jurisdiction of the Court of Civil Appeals.

We need no better illustration than this case. Let us suppose that in its review upon certificate the Supreme Court should hold, in effect, that the trial court erred, and that the judgment should be reversed, and the cause remanded for another trial. Without any change in their answer, the defendants might in the second trial sharply contest, not only the value of the gravel and timber which they are charged with having removed from the land, but the fact that they had committed those particular trespasses. They might even go further, and, without offering any resistance to the plaintiff's claim of title, limit their active opposition to the charge of trespassing. Clearly the case would then be one within the appellate jurisdiction of the Supreme Court. Our construction of the law is that the jurisdiction of the appellate court, like that of the trial court, is determined by the status of the pleadings at the time the parties go to trial, and not by the facts which are developed by the evidence during the trial.

[4] But, conceding that this is technically a boundary suit, in which the judgment of this court was final: We were unable to discover any legal conflict between the rulings here made and those announced in other decisions of the Courts of Civil Appeals. The controlling question presented to this court was: Did the evidence warrant the trial court in directing a verdict in favor of the plaintiff on the issue of title? We decided that it did. Unless the opinion rendered disclosed all of the evidence upon which that conclusion was based, it is difficult to understand how it can present a case of conflict with the ruling of another Court of Civil Appeals based upon a different state of facts. The correctness of the trial court's ruling was determined alone by the probative force of the testimony adduced upon the trial.

Three cases are cited as being in conflict with our ruling. The first, Thacker v. Wilson, 122 S. W. 938, was decided by the Court of Civil Appeals of the Fourth District. That was a boundary suit, involving a tract of land which had been subdivided into lots and the lots numbered. It was admitted that the plaintiffs owned all of lot 3 and the defendant all of lot 5, which adjoined lot 3 on the south. The location of the line between them was in dispute. As stated by the court in its opinion:

"Except as they appear on the plat, no field notes of the subdivision were * * * ever in existence."

The record in that case showed that the disputed line might be located by course and distance on the plat. There was also evidence of an old marked line, which had been run by the surveyor who made the subdivisions. The appellate court held that this evidence was sufficient to require a submission of that issue to the jury. The legal conclusion was that this old marked line would be the true line, if it were shown that it had been run by the original surveyor. There is nothing in that record disclosed by the opinion to indicate that this old marked line, if adopted as the true line, would be in conflict with the testimonials left by the surveyor. The court said, in referring to the old marked line:

"If this line is the one run by Trot when he subdivided the land, and is shown by his plat of the subdivision, then it would seem that it is the south boundary line of lot 3 and the north boundary line of lot 5."

How much evidence was before the court to establish that as the true line is not disclosed by the opinion. As in conflict with the decision in that case, the following language used in disposing of the motion for a rehearing in this case is quoted:

"But the Court of Civil Appeals in its opinion in this case says: ' * * * It is not denied in the testimony that the appellant did enter upon and commit the acts referred to upon land in that immediate vicinity, and did remove gravel and timber therefrom, but they put the appellee upon proof of the fact that these depredations were committed on the land described in his petition. The controversy, though not by the pleadings made a boundary suit, really assumed the form of a dispute over the location of the east boundary line of the appellee's land; the evidence showing that the appellants, or some of them, claimed the land adjoining this on the east. If the east boundary line is where the appellee claims it is, the appellants committed their depredations on his land and are liable for damages; but if this line is where the appellants claim it should be, they were not guilty of trespassing upon the appellee's premises. It will be observed that the appellee's field notes call for the west boundary line of section 3 as his east boundary line.' In its opinion on rehearing the Court of Civil Appeals * * * says: 'In this appeal there is practically but one question involved; that is, were the depredations complained of by the appellee committed on his land? If they were, the damages awarded should be sustained. If they were not, the judgment of the trial court should be reversed. As stated in the original opinion, the main question can be answered by determining the true location on the ground of the west boundary line of section 3.' "

The contention is that this is in effect a holding that, although the old marked line here referred to was the one made in the original survey of section 3 and called for in the field notes, that fact cannot be shown if it locates the line at a place different from that established by course and distance. There is in the above quotation a sentence which might, when isolated from the context, bear that construction; but that meaning disappears when the entire paragraph is considered in connection with preceding portions of the opinion. What we then intended to hold, and now feel justified in reiterating, is that it is not permissible to establish by parol evidence a line which contradicts the written description contained in the grant. In support of that we referred to the following cases: Brodbent v. Carper, 100 S. W. 183; Anderson v. Stanps, 19 Tex. 465; Williams v. Winslow, 84 Tex. 371, 19 S. W. 513; Thompson v. Langdon, 87 Tex. 254, 28 S. W. 931; Jamison v. N. Y. & T. L. Co., 77 S. W. 969; Watts v. Howard, 77 Tex. 71, 13 S. W. 966; Robertson v. Mason, 26 Tex. 248. That was the only legal proposition we intended to announce in that connection. We regarded the evidence tending to show that the "old marked line" was the one established in the original survey as too weak and unsatisfactory to support a finding to that effect, or to overcome the more satisfactory proof here supplied by course and distance. If that was an error, it resulted from improperly discrediting a state of facts peculiar to this case alone. We had no intention of overturning the well-established rules heretofore adopted regarding the relative importance of course and distance in locating boundary lines. It is perhaps unfortunate that our meaning was not made clearer in the original disposition of that question.

The other cases referred to as being in conflict with the ruling of this court are no stronger, if as strong, in support of that contention than the case discussed. Whether it so appears in our opinion or not, we find nothing in any of those cases with which we do not agree.