# FEBRUARY, 1923

## NICK BRAUMILLER ET AL. v. C. C. BURKE.

### No. 3583.   Decided February 7, 1923.

### (247 S. W., 501.)

**Boundaries—Calls—Course and Distance—Line of Older Survey.**

In a boundary suit plaintiff's rights were dependant on true location of the western line of section 3, an older survey called for as the eastern boundary of plaintiff's land. Its location could not be fixed by the calls of such older survey other than those for course and distance West from the state line; but there was evidence of the existence of an old marked line a little further West than the point reached by course and distance, and of long claim by the owners of section 3 of this marked line as their West boundary. *Held*:

(1)  Under the state of the evidence here considered the question of the true location of this boundary line was one of fact which should have been left to the jury, and not determined by the court as one dependent entirely on course and distance.  (p. 390).

(2)  Plaintiff's case depending on his establishing the line in question so as to include within his patent the disputed territory, he had the burden of proving that it was so located.  (p. 391.)

(3)  That a call for an unmarked line of an adjacent survey is superior to one for course and distance is not a rule of absolute application unless such line can be located with reasonable accuracy and certainty.  (p. 391).

(4)  Location of a line by calls for course and distance requires certainty in the location of the starting point from which they are to be measured (here the State line) and attention is called to the fact that this location is left uncertain by the evidence.  (pp. 391, 392).

Question certified from the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

The question was certified to the Supreme Court in obedience to its writ of mandamus awarded in Braumiller v. Burke, 111 Texas, 145. The question being referred to the Commission of Appeals, Section A, their opinion thereon is here adopted as that of the Supreme Court.

*Glass, Estes, King & Burford,* for appellants.

The plaintiff failed to discharge the burden placed upon him by the law to show that said west boundary line, as actually located on the ground by the surveyor who ran said line and established said corners for the issuance of the patent, was east of the west boundary line of land occupied and claimed by the defendants and as actually located included not only land upon which the defendants were charged with trespassing, but that such land belonged to the plaintiff by virtue of his patent. Burke v. Braumiller, 150 S. W., 206; Weston v. Meeker, 109 S. W., 465; Thatcher v. Matthews, 105 S. W., 317; Mor-

row v. Fleming, 29 Texas Civ. App., 547, 69 S. W., 244; Clawson v. Williams, 27 Texas Civ. App., 130, 66 S. W., 702; Rosson v. Miller, 15 Texas Civ. App., 603, 40 S. W., 861; Hawkins v. Nye, 59 Texas, 97.

The plaintiff, under the law, is not entitled to have the distance called for in his patent running east from his west boundary line extended beyond 327 varas, as called for in his patent so as to include any land east of where that distance places his east boundary line; Richardson v. Powell, 83 Texas, 588; Converse v. Langshaw, 81 Texas, 275; Roche v. Lovell, 74 Texas, 191; Smithers v. Smith, 35 Texas Civ. App., 508, 80 S. W., 646; Rosson v. Miller, 15 Texas Civ. App., 603, 40 S. W., 861; Bennett v. Seabright, 32 S. W., 1048; Dillingham v. Smith, 30 Texas Civ. App., 525, 70 S. W., 791.

The court erred in the third paragraph of his charge wherein the jury are instructed that, under the documentary and legal undisputed evidence in this case, the plaintiff is entitled to recover. Burke v. Braumiller, 150 S. W., 206; Duff v. Moore, 68 Texas, 270; Weston v. Meeker, 109 S. W., 461; Morrow v. Fleming, 29 Texas Civ. App., 547, 69 S. W., 244; Clawson v. Williams, 27 Texas Civ. App., 130, 66 S. W., 702.

Under the most favorable view for the plaintiff that may be taken of the evidence, the location on the line of the west boundary line of Section 3, and of the east boundary line of Section 10, the plaintiff's land being in Section 10 and the defendants' land in Section 3 adjoining, was an issue of fact for the jury. Such being the case, it was error on the part of the court to give the charge complained of.

*Chas. S. Todd,* and *R. W. Rodgers,* for appellee.

The court did not err in directing a verdict for plaintiff for the recovery of the land. Burke v. Braumiller, 150 S. W., 206.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case is here on certified questions by the Court of Civil Appeals for the Sixth Supreme Judicial District. The suit was originally brought by C. C. Burke against Nick Braumiller and others to recover damages for timber and gravel removed from land claimed by him. On the trial in the district court the case took the form of a boundary suit. The first trial resulted in a judgment for the defendants. This was appealed from, and the Court of Civil Appeals reversed and remanded the case, the opinion being found in 150 S. W., 206.

Before the second trial the pleadings were amended, the plaintiff seeking to recover title and possession of the land hereinafter described, as well as damages for timber and gravel removed therefrom.

Upon the trial ·the judge instructed a verdict for the plaintiff for the land in dispute; and judgment was rendered accordingly; also for the damages found by the jury.   From this judgment the defendants appealed, and the same was affirmed by the Court of Civil Appeals (173 S. W., 610).   Motion for rehearing was overruled and written opinion filed thereon (232 S. W., 906).   Thereupon motion was made to certify the case to the Supreme Court because of a conflict between the opinion of the Court of Civil Appeals and opinions in numerous cases by the Supreme Court and other Courts of Civil Appeals.   This motion to certify was overruled and the Court of Civil Appeals wrote its opinion thereon (232 S. W., 907).   Pending the consideration of the motion to certify proceedings for mandamus were instituted in the Supreme Court, and on April 20, 1921, the Supreme Court granted its writ of mandamus, holding that the case was one of boundary and that there was a conflict between the opinion of the Court of Civil Appeals and certain other cases, as will appear from the opinion of the Supreme Court in 230 S. W., 400.

In obedience to the writ of mandamus the Court of Civil Appeals ·has certified the case to the Supreme Court.   In view of the fact that the evidence on both trials was practically the same and the various opinions above referred to give a full statement of the facts, we do not deem it necessary to copy in full the certificate of the Honorable Court of Civil Appeals.   It is sufficient to say that there is no substantial difference in the facts disclosed by this certificate and the statement contained in the opinion of the Supreme Court in the mandamus proceedings.   The Court of Civil Appeals has forwarded the statement of facts with its certificate and has referred to same for a fuller statement of the facts on such points as it may be found the certificate is deficient.

The land described in appellee Burke's petition is thus described:

"Beginning at a stake B. Nix S. E. corner; * * *thence east with W. H. Ector's north boundary line 327 ·vrs. to a stake on the .west boundary line Sec. No. 3; thence north with west boundary line of section No. 3, 1538 vrs. to south boundary line of A. J. King's survey, a stake on said A. J. King's survey; thence west with said King's survey at 107 vrs. King's southwest cor., and to A. Hope's east boundary line 220 vrs., in all 327 vrs., to a stake; * * * thence south with A. Hope's and B. Nix's east boundary lines, 1,538 vrs., to place of beginning."

It will be noted that the east boundary line of this tract of land is called to be the west boundary line of section 3, and the field notes of that section, which were made about the year 1861, are as follows:

"Beginning at a stake the N. E. corner of section No. 4 on the state line, whence a pine brs. S. 36 deg. W. 9 vrs., a P. O. brs. N. 47

deg. W. 12.5 vrs.; thence north 1,200 vrs. W. Oldham's S. E. corner a stake, whence a pine brs. S. 22 deg. west 15 vrs. do. brs. S. 67 deg. W. 7 vrs.; thence west 1,900 vrs. W. Oldham's S. W. corner a stake, whence a R. O. brs. S. 30° deg. E. 10 vrs., and a pine brs. S. 44 deg. W. 19 vrs.; thence north 642 vrs. the S. E. corner of A. J. King's survey a stake, whence a hickory brs. S. 80 deg. W. 26 vrs. a pine brs. S. 30 deg. W. 6 vrs.; thence west 572 vrs. a stake on the S. B. line of A. J. King's survey, whence a pine brs. N. 33 deg. E., 8 vrs., do brs. south 50 deg. E. 13 vrs.; thence south 2,196 vrs. a stake on the N. B. line of W. W. Wooten's survey a stake, whence a pine brs. S. 25 deg. W. 5 vrs. do. brs. N. 37 deg. W. 9 vrs.; thence east 791 vrs. W. W. Wooten's N. E., corner stake, whence a black jack brs. S. 37 deg. E. 8 vrs. a pine brs. S. 21 deg. E. 10 vrs.; thence N. 354 vrs. the N. W. cor. of section No. 4 a stake, whence a pine brs. S. 36 deg. W. 10 vrs. do. brs. S. 50 deg. E. 13 vrs.; thence east 1,681 vrs. to the beginning bearings marked R.''

The Honorable Court of Civil Appeals has reached the conclusion that the controversy is as to the true location of the west line of section 3, the appellee seeking to locate such line by course and distance from its call for the State line on the east and to extend the north and south lines of his survey beyond the distance given in his field notes so as to intersect this line, which is unmarked, and its location can only be ascertained, according to his contention, by course and distance from the State line. The contention of appellants is that because of the existence of an old line a short distance west of where appellee claims the west line of section 3 to be, and which is approximately the age of the line in controversy, and because of long continued assertion of claim to this line by owners of lands out of section 3 as being the true west boundary line of section 3, as well as because of various circumstances disclosed by the evidence, the issue as to the true location of the west boundary line of section 3 should have been submitted to the jury.

The Honorable Court of Civil Appeals has certified one question for determination, as follows:

Did the trial court err in refusing to submit to the jury the issue as to the true location of the west boundary line of section 3?

If the true location of the west line of section 3 is to be considered the determining issue in this case, then from a very careful consideration of all evidence we are forced to the conviction that the opinion in this case is clearly in conflict with the cases of Williams v. Winslow, 84 Texas, 377, 19 S. W., 513; Duff v. Moore, 68 Texas, 270, 4 S. W., 530; Titterington v. Kirby, 47 Texas Civ. App., 595; 106 S. W., 899, and Taylor v. Lewis, 36 Texas Civ. App., 305, 81 S. W, 534, which correctly hold that the issue as to the location of the said line, on such state of facts as exists in this case, is one to be submitted to the jury for their determination.

In this case the appellants are not seeking primarily to establish the west line of section 3 farther west than it is called to be by course and distance, but are contending that its true location is established by the old marked line which they and others have recognized for many years as the west boundary line. The real controversy is brought about by the effort on the part of appellee to extend his own lines beyond their calls for course and distance, his being a junior survey, and intersect an unmarked line, thus bringing about a conflict with the senior survey as it is claimed by appellants to be located. This being true, the appellee, as plaintiff in the court below, had the burden of proving that the boundaries of his patent in fact included the land in controversy, and in order to extend his south line beyond its call for distance to the unmarked line of the adjoining survey it was incumbent on him to trace the footsteps of the surveyor to that point. Williams v. Winslow, 84 Texas, 377, 19 S. W., 513; Duff v. Moore, 68 Texas, 270, 4 S. W., 530; Freeman v. Mahoney, 57 Texas, 621; Stein v. Roberts, 217 S. W., 168.

The rule that a call for an unmarked line of an adjacent survey is superior to call for course and distance is not a rule of absolute application, and a call for the line of an adjoining survey should not prevail over a call for distance unless such line can be located with reasonable certainty and accuracy. Herman v. Thomas, 168 S. W., 1037; Polk County v. Stevens, 143 S. W., 204; Crosby v. Stevenson, 156 S. W., 1110.

The appellee being plaintiff, and his being the junior survey, the rule above announced applies to the effort on his part to extend the call between the Burke field notes beyond the distance stated therein to the unmarked line of section 3, rather than to the effort of appellants to resist an encroachment beyond the true boundary as claimed by them.

The Honorable Court of Civil Appeals based its opinion upon the theory that the west line of section 3 had been definitely and accurately located by course and distance from the State line on the east. In reference to that opinion we call attention to certain circumstances which, in our opinion, disclose great uncertainty as to the location of the west line of section 3 by course and distance from this State line. In the first place it is not shown what is the true course of the State line. It is assumed that it is north and south, but there is nothing to show on what variation it is run. The surveyor who undertook to run the course and distance from the State line appears to have determined his beginning point by a mere conjecture, and took his bearings by sighting at the post-office. He testified that by sighting to the post-office he could regulate his compass and show *just about where the State line would fall.* With such a beginning point he run west the distance called for in the field notes, but, as we construe the testimony, the point he arrived at is different from

the point claimed by the appellee to be his east line. The further uncertainty of the location of the west line by course and distance is manifest by statements in the evidence, referred to in the opinions by the Court of Civil Appeals, fixing such line at distances varying from 60 to 109 varas east of the old line claimed by the appellants as the west line of section 3.

We shall not comment on the weight of the evidence, but there are various facts and circumstances shown by the record which might have justified the jury in finding that the west boundary of section 3 was located as claimed by appellants.

We therefore hold that the question propounded by the Court of Civil Appeals should be answered in the affirmative.

### BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

<div align="right">

*C. M. Cureton,* Chief Justice.