## ANTONE v. HOFFMAN.     (No. 2806.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 16, 1923. Rehearing Denied Dec. 6, 1923.)

1. **Appeal and error ⟲1002—Jury's findings on conflicting evidence of original location of boundary not disturbed.**

Jury's findings, on conflicting substantial evidence, that boundary of a survey on which patent was issued was located by the original surveyor at a certain distance from another boundary greater than given in the call for distance in his field notes will not be disturbed on appeal.

2. **Boundaries ⟲3(3)—Calls for distances to yield to natural objects found corresponding nearly to those called for.**

Though natural objects, such as trees and a prairie, called for by a patent, cannot be found located exactly as described, calls for distance must yield to those found; the jury concluding, on evidence making the issue one of fact, that the natural objects found so nearly correspond with those called for in the patent that they should be treated as the original marks.

3. **Trespass to try title ⟲40(3)—Old map admissible to impeach validity of plaintiff's claim depending on presence of unsurveyed land.**

The validity of claim of plaintiff in trespass to try title depending on there having been va-

cant land between two surveys, when in 1919 he filed application to buy the land in question as unsurveyed school land, a map filed in the land office, some time after such two surveys were made in 1856 and 1858, showing that the boundaries of such two surveys coincided, is admissible to impeach plaintiff's claim, by showing there was no vacant land between such surveys.

### On Motion for Rehearing.

**4. Boundaries** &#8258;37(3)—**Evidence of location of line in original survey held sufficient to overcome calls for distance.**

Evidence of line having been located in the original survey at a point different from that described in the calls for distance *held* sufficient to overcome the calls for distance.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by F. A. Antone against G. D. Hoffman. Judgment for defendant, and plaintiff appeals. Affirmed.

Edgar Wright, of Paris, for appellant.

Lennox & Lennox, of Clarksville, for appellee.

HODGES, J. The appellant filed this suit in the form of an action of trespass to try title to recover a tract of 106.18 acres of land, which he claims was situated between the Singleton and the Petit surveys in Red River county. His title is based upon an affidavit and application made on the 20th of March, 1919, filed by the county surveyor of Red River county under section 8 of the Act of April 15, 1905, as amended by Act of May 10, 1905, providing for the sale of unsurveyed school land. He claims an award of the land by the Commissioner of the General Land Office.

This is the second appeal in this case. See Antone v. Hoffman (Tex. Civ. App.) 219 S. W. 500. That case is referred to for a fuller statement of the preliminary facts.

It appears from the testimony that the appellee, Hoffman, owned the entire Singleton survey, and that the appellant, Antone, is claiming a tract of land immediately south of the Singleton survey and north of the Petit survey. The last trial resolved itself into an inquiry as to the true location of the original Singleton south boundary line. It is conceded that the northwest and northeast corners of the Singleton survey are well established, as are also its east and west boundary lines extending 837 varas south. The original field notes of the Singleton called to run "south from its N. W. corner at 790 varas Little Pine creek, 6 varas wide, course N. E.; and 837 varas to a stake in prairie; elm bears S. 47° W. 14 varas, three elms, marked X bear S. 67° W. 16 varas." Thence the line ran east to its southeast corner, described as indicated by a stake from which a red oak bears south 58° east

5½ varas; post oak north 36° west 8 varas, both marked R. H.; thence north 837 varas to its northeast or beginning corner.

In the trial below the court submitted to the jury two issues: The first, in effect, required the jury to find whether or not the south boundary line of the Singleton survey was located by the original surveyor at the time the patent was issued at a distance 837 varas from its north boundary line as called for in the fieldnotes. In reply to this the jury found that the line had not been so located. The next issue required the jury to state how far south of a point 837 varas south of its north boundary line the original location was made. In reply to this the jury answered, "237 varas." Upon those findings the court entered a judgment in favor of Hoffman, the defendant below.

[1] Appellant claims in this appeal that the evidence was insufficient to justify the jury in making the findings above referred to. It is contended that under the evidence the court should have instructed the jury to return a verdict in favor of the appellant, because the weight of the evidence showed that the true south boundary line of the Singleton had been located only 837 varas south of its north line. The testimony was conflicting as to the evidences of the original survey made upon the ground. According to that offered by the appellant, the marks and some other objects indicated the making of an old survey corresponding to that described in the patent 837 varas south of the admitted north line. On the other hand, witnesses for the appellee testified to marks which tended to show that an original survey was actually made on the ground, and that the southwest and southeast corners of the Singleton were located 1074 varas south of its north boundary line. In that state of the evidence we do not feel called upon to disturb the findings of the jury.

[2] Appellant concedes that ordinarily the calls for distance must yield to those for natural objects, when there is a conflict. But it is insisted that no such conflict is shown in this case, because the natural objects mentioned in the patent of the Singleton survey cannot now be found on the ground. It is true that the marked trees and the prairie called for in the original survey as the southwest corner, the first call running south, cannot now be found located exactly as described in the patent. The elm trees are there, according to the appellee's evidence, but they are not in the same direction from the established corner as stated in the patent. However, the jury concluded that they so nearly correspond with those called for in the patent that they should be treated as the original marks. The character of the testimony made that issue one of fact which should not be disregarded.

[3] Appellant also complains of the introduction of a map filed in the Land Office some time after the original survey had been made and the field notes returned to the Land Office. This map shows that the south boundary line of the Singleton, made in 1856, and the north boundary line of the Petit, made in 1858 or about that time, coincide. The objection is that the map was immaterial, irrelevant, and tended to prejudice the rights of the plaintiff in the suit. We are of the opinion that the map was admissible, if for no other purpose, to show that there was no vacant land lying between those two old surveys upon which the plaintiff could later file. Since the plaintiff must recover in this case upon the strength of his own title, any testimony which tended to show that the land was not vacant at the time he filed his application was admissible for the purpose of impeaching the validity of his claim.

The judgment will therefore be affirmed.

## On Motion for a Rehearing.

[4] Appellant insists that the calls for distance should control in this case because the natural objects mentioned as marks in the original survey were not to be found. As supporting that proposition, he refers to a former decision of this court in Braumiller v. Burke, 173 S. W. 610. The judgment of this court in that case was reversed by the Supreme Court. See Braumiller v. Burke, 112 Tex. 387, 247 S. W. 501. However, we still have no doubt as to the correctness of that proposition as applied to the facts of that case. The evidence that the call for distance did not indicate the true line of the original survey was regarded by us as too weak to control in locating the boundary. Here the evidence indicating that the original survey was made at a point different from that described in the calls for distance is much stronger. According to the testimony of the appellee's witness Snell, there was an old marked line running from the northwest corner of the Singleton survey south. These old hacks were found on trees which appeared to have been made before the Civil War. At a point 837 varas south of the Singleton northwest corner, there was no appearance of the prairie called for in the original field notes as the southwest corner, nor were there any of the bearing trees mentioned. Snell found that the same marked line which they had followed from the northwest corner continued south 237 varas farther. At that point was found a glade, which might well be taken for a prairie. They also found elm trees corresponding to those mentioned in the original field notes, but located somewhat differently. From there the old marked line which they had followed turned east. They traced those marks for the distance called for in the north and south boundary lines of the Singleton and found a well-marked line running north. If, as held by the Supreme Court, the meager evidences of an old marked line were sufficient in the Braumiller Case to overcome the calls for distance, the much stronger evidence of the old marked line should be considered sufficient in this instance.

The motion for a rehearing will be overruled.