George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for aggravated assault, with $1,000 fine and two years in the county jail.

■ The transcript fails to show when the term of court began or when it ended and, therefore, we are unable to determine from the record if the case has been properly appealed to this court.

■ It further appears that the statement of facts was not filed in the court below. The same is in question and answer form and for this additional reason cannot be considered. We find no bills of exception in the record and nothing is presented for our consideration.

■ Because the transcript fails to show that this Court has jurisdiction, the appeal is, on the State's motion, dismissed.

## DUVALL et al. v. ECK.
### No. 9838.

Court of Civil Appeals of Texas.
Austin.
Jan. 4, 1950.

Archer & Archer, Fancher Archer, of Austin, for appellants.

Shelton & Shelton, Emmett Shelton, of Austin, for appellee.

HUGHES, Justice.

This is a trespass to try title case brought by appellee, LeRoy Eck, against appellants, Deane J. Duvall and Lyda D. Tally, to recover the title to and possession of a tract of land, containing 50 acres, more or less, described by metes and bounds and as being part of the F. Seeholzer Survey in Travis County.

Appellants answered the suit by pleading not guilty and the various statutes of limitation, of which only the 10-year statute, art. 5510, Vernon's Ann.Civ.St., is now relied upon.

Judgment for appellee was rendered upon the verdict of a jury.

Appellants' principal contentions are that issues of fact were raised by the evidence showing an outstanding title to the land, and showing title in themselves under the 10-year statute, which issues the trial court erroneously refused to submit to the jury.

The outstanding title issue arises from the fact that A. A. Eck, who was the father of appellee and his immediate predecessor in title, filed a voluntary petition in bankruptcy at a time when he owned the record title to this land, but which he failed to schedule among his assets. A. A. Eck was adjudged a bankrupt and subsequently received his discharge as such. It is also shown that this land was not the homestead of A. A. Eck.

The law, under such circumstances, is stated in Garrett v. Garrett, 124 Tex. 330, 78 S.W.2d 157, 161: "The title of a bankrupt to any property which is not exempt from forced sale, even though not scheduled as an asset by the bankrupt, passes to the trustee in bankruptcy, and the

bankrupt, after he is discharged, cannot recover on a claim for nonexempt property held in trust for him by another which he has failed to schedule in the bankruptcy proceedings, and which was unknown to the trustee in bankruptcy. Raley v. D. Sullivan & Co., Tex.Com.App., 207 S.W. 906; First National Bank of Jacksboro v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408. In this connection it is held that a trustee in bankruptcy is not bound to accept property of an onerous or unprofitable character, and, if the trustee declines to take the property of a bankrupt, the bankrupt can thereafter assert title thereto. This rule has no application, however, in instances where the trustee is ignorant of the existence of the property, and is given no opportunity to make an election. First National Bank v. Lasater, supra."

Appellee sought to avoid the effect of this situation by placing the bankrupt upon the stand, who testified that he told the referee in bankruptcy and also the trustee about this land, showing it to the latter, and was advised by both the referee and trustee, in effect, that the land was not worth listing.

■ Neither the trustee nor referee was living at the time of this trial. A. A. Eck was the bankrupt and the father and immediate grantor of appellee. His testimony, under these circumstances, was not conclusive and the matter should have been submitted to the jury and there was error in not doing so, if the question has been properly preserved.

■ ■ Appellants objected to the charge of the court, as follows:

"Defendants further object to the charge of the court for the reason that the charge omits to submit to the jury any issue as to whether or not the plaintiff's predecessor in title, A. A. Eck, received back from the Trustee in Bankruptcy the title to the premises in controversy which were not included in the bankruptcy proceedings."

We are of the opinion that this objection was sufficient under Rule 279, T.R.C.P.

■ We overrule appellee's counterpoint that an outstanding title cannot be shown under a plea of not guilty. Rules 789 and 279, T.R.C.P.

As to title by limitation appellee contends that since the evidence conclusively shows that in 1927 the adverse claimant attempted to purchase the land involved from the true owner, that adverse possession prior to 1927 could not be used to establish title by limitation. In this he is wrong.

■ There is evidence to show that John W. Combs, under whom appellants claim, lived upon and used a portion of the lands sued for from 1891 until his death in 1937, and that such possession prior to 1927 was adverse. If from this evidence the jury had found that title by limitation had been perfected prior to 1927, then the offer to buy in that year would not have destroyed such title, although such evidence is admissible to show that the possession prior to 1927 was not adverse. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81.

■ Appellee also urges that the pleading or proof, or perhaps both, do not sufficiently identify the lands which the evidence shows were adversely possessed by appellants and their predecessors. It is elemental that the land must be identified with such definiteness as that it may be found and located upon the ground. Whatever deficiency there may be in this respect will, no doubt, be corrected upon another trial.

The remaining assignments concern these issues in the court's charge:

"Do you find from a preponderance of the evidence that the land described in plaintiff's petition is located in the Fidele Seeholzer Survey?

"Do you find from a preponderance of the evidence that the corner established in 1927 by the surveyor, Homeyer, as being the S. W. corner of the Fidele Seeholzer Survey is the true and correct corner of the Fidele Seeholzer Survey as originally laid out by the surveyor, Wallace?"

"Do you find from a preponderance of the evidence that the point located by the surveyor, Doak Rainey, in 1949 designated as the S. E. corner of the Liebelt Survey is the true and correct S. E. corner of the Liebelt Survey?"

■ Appellee's only claim to title to the lands sued for was a record title showing such lands to be a part of the Fidele Seeholzer Survey. The burden was on him to show that such survey embraced the land. Duff v. Moore, 68 Tex. 270, 4 S.W. 530. This burden did not shift when appellants offered proof that when the Seeholzer survey was properly located upon the ground the lands sued for fell within the adjoining Liebelt survey as located upon the ground. Clark v. Hills, 67 Tex. 141, 2 S.W. 356.

It follows that the burden of proof was erroneously placed in the issue last set out above.

■ The first of these three issues should not be submitted. It calls for a mixed finding of fact and law.

■ Objection that the second issue is a comment upon the weight of the evidence is overruled.

The judgment is reversed and the cause remanded.

Reversed and remanded.

ARCHER, C. J., not sitting.